UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

BRIAN MISTRETTA,

                                 Plaintiff,

v.                                            Civil Action No:

KIRSCHENBAUM & PHILLIP, P.C. and
CADDIS FUNDING, LLC.,

                                 Defendants.

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. Plaintiff brings this class action on behalf of himself and other there consumers in response to Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), and 28 U.S.C. § 133.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Brian Mistretta is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant, Caddis Funding , LLC., ("Caddis") is a limited liability company organized and existing under the laws of the State of Wyoming and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant, Caddis regularly attempts to collect debts alleged to be due another.

7. Defendant, Kirschenbaum & Phillips P.C. ("Kirschenbaum") is a domestic professional corporation organized and existing under the laws of the State of New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

8. Defendant, Kirschenbaum regularly attempts to collect debts alleged to be due another.

9. The acts of the Defendants alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

10. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

11. That at all relevant time herein, Kirschenbaum acted as agent-in-fact for Caddis, and acted within the scope of their agency.

## IV. FACTUAL ALLEGATIONS

12. That Plaintiff allegedly incurred a debt to Household Bank This debt will be referred to as the "subject debt."

13. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

14. Plaintiff allegedly defaulted on the subject debt.

15. In or about March 4, 2019, Defendant Kirschenbaum served a notice to the Plaintiff regarding an alleged judgment entered in June 28, 2007 in Buffalo City Court, County of Erie, captioned CSGA, LLC v Brian Mistretta.

16. In or about March 12, 2019, Defendant Kirschenbaum served an income execution dated February 14, 2019 regarding a judgment taken against the Plaintiff in City Court of the City of Buffalo, County of Erie (Index No. CV-011444-06/BU) in the amount of $9,433.00. The income execution shows the captioned plaintiff as CSGA, LLC but Defendant Caddis is represented in the income execution as the current judgment creditor.

17. That Defendant Kirschenbaum served this income execution with the intent that it would be served on Plaintiff's employer, if not satisfied in fully within 20 days.

18. In or about March 16, 2019, Defendant Kirschenbaum sent an Information Subpoena with Restraining Notice to Plaintiff's bank.

19. That on or about April 3, 2019 the Erie County Sheriff forwarded the February 14, 2019 income execution to Park Lane Condominiums, an entity Defendants listed as Plaintiff's employer, along with instructions as to how the income execution would proceed.

20. In or about April 5, 2019, Plaintiff contacted Defendant Kirschenbaum and spoke with a representative named Natasha. Plaintiff explained to her that he had already satisfied this debt relating to Household Mastercard account ending in 1409 with Deville Asset Management on August 13, 2018. Deville Asset Management was collecting the alleged debt for the then judgment creditor, DRS Acquisition, LLC

21. On April 4, 2019. Plaintiff faxed over his documentation from Deville Asset Management to Defendant Kirschenbaum showing that the debt was paid in full.

22. That the afore-mentioned income execution sent to Plaintiff's employer was improper as Defendant Caddis is not the judgment creditor for the matter filed by CSGA LLC in Buffalo City Court against the Plaintiff nor does Plaintiff owe the alleged debt that Defendants attempted to collect from him.

23. That upon information and belief, there is not an assignment of judgment filed with either the Eriw County Clerk's Office or Buffalo City Court assigning the judgment from CSGA, LLC or DRS Acquisition, LLC to Caddis

24. That at no point was any notice from CSGA, LLC or DRS Acquisition, LLC sent to Plaintiff notifying him of the alleged assignment of his judgment from to Caddis

25. That Defendant Caddis had no legal right to restrain and garnish Plaintiff's wages.

26. At all times relevant herein, Kirschenbaum & Associates was Caddis's agent-in-fact.

27. That as a result of Defendants' acts, Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

28. That, as a result of Defendants' acts Plaintiff suffered actual monetary damages as a result of the improper income execution.

## V. CAUSE OF ACTION

29. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 28 above.

   A. Defendants violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(2), 15 U.S.C. §1692e(5), 15 U.S.C. §1692e(9), U.S.C. §1692e(10), 15 U.S.C. §1692f, 15 U.S.C. §1692f(1), and 15 U.S.C. §1692f(6) by sending an income execution

3

to Plaintiff's place of employment when Defendant Caddis was not the proper judgment creditor.

B. Defendants violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(5), 15 U.S.C. §1692e(10), 15 U.S.C. §1692f, 15 U.S.C. §1692f(1) and 15 U.S.C. §1692f(6) by improperly trying to garnish Plaintiff's wages for a debt not owed by the Plaintiff.

C. Defendants violated 15 U.S.C. §1692e, §1692e(2), §1692e(5), §1692e(10) and 15 U.S.C. §1692f(1) by representing that Plaintiff owed Caddis an obligation despite actual or constructive knowledge that this statement was not true, and without any meaningful investigation by Defendants Kirschenbaum as to whether Caddis actually had any right to enforce a judgment against Plaintiff.

30. That Defendant Caddis is vicariously liable for the tortious acts of Defendant Kirschenbaum described herein pursuant to the laws of agency and otherwise.

31. That as a result of the Defendants FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against each Defendant for:

(a) Actual damages;

(b) Statutory damages pursuant to 15 U.S.C. §1692k.

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(e) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: February 13, 2020

/s/Seth J. Andrews
Seth J. Andrews, Esq.
Law Offices of Kenneth Hiller, PLLC
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288